1

|   X   **FILED**
|   **_____LODGED**
2 |   **_____RECEIVED**

THE HONORABLE PAUL B. SNYDER
Chapter 11

3    February 20, 2009

4        **MARK L. HATCHER**
     **CLERK U.S. BANKRUPTCY COURT**
5    **WESTERN DISTRICT OF WASHINGTON**
            **AT TACOMA**

6        _____ **DEPUTY**

7

8

9              UNITED STATES BANKRUPTCY COURT
                WESTERN DISTRICT OF WASHINGTON
10                      AT TACOMA

11   In Re:                          )   NO. 08-40599
                                     )
12   EQUA-CHLOR, LLC,                )
                                     )   ~~PROPOSED~~ ORDER CONFIRMING
13                          Debtor.  )   PLAN OF REORGANIZATION
                                     )
14                                   )
                                     )
15   _____ )

16        Equa-Chlor, LLC, debtor and debtor-in-possession in the above-captioned case (the

17   "Debtor"), filed with this Court its voluntary petition for relief under Chapter 11 of Title 11,

18   United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") on February 15, 2008

19   (the "Petition Date"). The Debtor (the "Plan Proponent"), filed its Plan[1] [Docket No. 396]

20   and the Disclosure Statement [Docket No. 347] on November 20, 2008.

21        This Court entered an order on December 19, 2008 (1) approving the Disclosure

22   Statement as containing "adequate information" pursuant to Section 1125 of the Bankruptcy

23   Code; (2) setting January 22, 2009 as the date by which all ballots (the "Ballots") were to be

24

25   _____
     [1] Capitalized terms not defined herein shall have the meaning ascribed to such term in the
26   Plan.

ORDER CONFIRMING PLAN OF
REORGANIZATION - 1
                                          **LANE POWELL** PC
                                          1420 FIFTH AVENUE, SUITE 4100
                                          SEATTLE, WASHINGTON 98101-2338
                                          206.223.7000 FAX: 206.223.7107
123326.0013/1675848.4

1 submitted to accept or reject the Plan (the "Voting Deadline"); (3) fixing January 22, 2009 as
2 the last day for creditors and other parties in interest to file objections to confirmation of the
3 Plan (the "Objection Deadline"); and (4) scheduling a hearing to consider confirmation of the
4 Plan (the "Confirmation Hearing") for Thursday, January 29, 2009. The Confirmation
5 Hearing was continued by the Court to February 19, 2009 at 10:30 a.m. (Pacific Time). On
6 February 17, 2009, the Debtor moved to modify the Plan pursuant to the First Amended Plan
7 of Reorganization (the "Plan").

8 NOW, THEREFORE, based upon the entire record of the Confirmation Hearing and
9 the record in the Bankruptcy Case, and the Court being fully advised;

10 IT IS HEREBY FOUND AND DETERMINED THAT:

11 A. Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157, 1334,
12 1408 and 1409). This Court has jurisdiction over the Bankruptcy Case pursuant to 28 U.S.C.
13 §§ 157 and 1334. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2)
14 and this Court has exclusive jurisdiction to determine whether the Plan complies with the
15 applicable provisions of the Bankruptcy Code and should be confirmed. The Debtor is
16 eligible for relief under section 109 of the Bankruptcy Code. Venue is proper before this
17 Court pursuant to 28 U.S.C. §§ 1408 and 1409. Venue in the Western District of
18 Washington, Tacoma was proper as of the Petition Date and continues to be proper.

19 B. Judicial Notice. This Court takes judicial notice of the docket of the
20 Bankruptcy Case maintained by the Clerk of the Court or its duly appointed agent, including,
21 without limitation, all pleadings and other documents filed, all orders entered, all evidence
22 and arguments made, proffered, or adduced at the hearings held before this Court during the
23 pendency of the Bankruptcy Case, and of the claims register and proofs of claim maintained
24 by the Clerk of the Court.

25 C. Transmittal and Mailing of Materials, Notice, Solicitation. The Disclosure
26 Statement and Ballots were transmitted and served in compliance with the Bankruptcy Code,

ORDER CONFIRMING PLAN OF
REORGANIZATION - 2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

1    the Bankruptcy Rules and applicable nonbankruptcy law. Such transmittal and service were
2    adequate and sufficient. Adequate and sufficient notice of the Confirmation Hearing was
3    given in compliance with the Bankruptcy Code and the Bankruptcy Rules and no other or
4    further notice is or shall be required. Votes for acceptance and rejection of the Plan were
5    solicited in good faith and such solicitation complied with sections 1125 and 1126 of the
6    Bankruptcy Code, Rules 3017 and 3018 of the Bankruptcy Rules, all other applicable
7    provisions of the Bankruptcy Code, and all other applicable rules, laws, and regulations.

8        D.    Notice.  Notice of the Confirmation Hearing, Voting Deadline, and the
9    Objection Deadline was provided to creditors, Holders of Interests, and other parties in
10   interest in conformance with Rule 2002, 3017, and 3020, as evidenced by various affidavits
11   of service filed with this Court. The Court further finds that notice of the Confirmation
12   Hearing and other bar dates and hearings was given in compliance with the Bankruptcy Rules
13   and that such notice was reasonable, adequate and sufficient in all respects and that no other
14   or further notice is or shall be required.

15       E.    Tabulation of Acceptances. Upon the Ballot Summary and Preconfirmation
16   Report filed with this Court by the Debtor on January 26, 2009 (the "Ballot Summary"), the
17   Debtor certified that it received the requisite acceptances both in number and amount from
18   certain classes of creditors for confirmation of the Plan as required under section 1126 of the
19   Bankruptcy Code. As evidenced by the Ballot Summary and based upon the record before
20   the Court, the tabulation of acceptances and rejections of the Plan by the Plan Proponent and
21   its counsel was accomplished in a proper, fair, and lawful manner in accordance with all
22   applicable sections of the Bankruptcy Code, and all applicable sections of the Bankruptcy
23   Rules. Ballots were properly transmitted to holders of Claims in Classes 1, 2, 5, and 7 (the
24   "Voting Classes"). The Plan Proponent solicited votes for the Plan from the Voting Classes
25   in good faith and in a manner consistent with the Bankruptcy Code. As of the date of the
26

ORDER CONFIRMING PLAN OF
REORGANIZATION - 3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

1 Ballot Summary, creditors entitled to vote to accept or reject the Plan voted in the numbers
2 and percentages stated in the Ballot Summary.

3      F.    Objections. The only objection to confirmation of the Plan was filed by John
4 Berman ("Berman"). Berman's objection was rendered moot when Berman was paid in full
5 from the sale of the collateral securing his Class 5 Claim, pursuant to a Stipulated Order
6 dated February 2, 2009. Based on the sale of the collateral and the payment of the Claim,
7 Berman is deemed to have accepted the Plan and is not entitled to vote on the Plan pursuant
8 to section 1126 because his Claim is unimpaired. Accordingly, the Plan attached as Exhibit
9 "A," removes the proposed Class 5 payments to Berman.

10      G.    Burden of Proof. The Plan Proponent has met its burden of proving the
11 elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the
12 evidence.

13      H.    Plan Compliance with the Applicable Provisions of the Bankruptcy Code (11
14 U.S.C § 1129(a)(1)). As set forth below, the Plan complies with the applicable provisions of
15 the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

16      1.    Proper Classification of Claims and Interests (11 U.S.C. §§ 1122 and
17 1123(a)(1)). In addition to Administrative Expense Claims and Priority Tax Claims, which
18 need not be classified, Article II of the Plan designates eight Classes of Claims and one Class
19 of Interest. The Claims or Interests placed in each Class are substantially similar to other
20 Claims or Interests, as the case may be, in such Class. Valid business, factual, and legal
21 reasons exist for separately classifying the various Classes of Claims and Interests created
22 under the Plan, and such Classes do not unfairly discriminate among Holders of Claims or
23 Interests. Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

24      2.    Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2)).
25 Articles II and III of the Plan designate Classes 3, 4, 5 and 6 as not impaired, thereby
26 satisfying section 1123(a)(2) of the Bankruptcy Code.

ORDER CONFIRMING PLAN OF
REORGANIZATION - 4

**LANE POWELL** pc
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

3.      Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)). Articles II and III of the Plan designate Classes 1, 2, 5, 7 and 8 as Impaired under the Plan and specify the treatment of Claims and Interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

4.      Equal Treatment Within Classes (11 U.S.C. § 1123(a)(4)). Article III of the Plan provides for the same treatment by the Plan Proponent for each Claim or Interest in a particular Class unless the Holder of a particular Claim or Interest in such Class has agreed to a less favorable treatment of its Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

5.      Implementation of Plan (11 U.S.C. § 1123(a)(5)). The Plan provides adequate and proper means for implementation of the Plan, including, without limitation:

     **a.**      *Substantive Consolidation.* On the Effective Date, the EC/ECM Substantive Consolidation shall be deemed to have occurred such that all Assets of ECM shall be deemed fully consolidated with the Assets of the Debtor, and all the liabilities of ECM shall be deemed fully consolidated with the liabilities of the Debtor. ECM's Assets shall be deemed owned by the Debtor, and the Holders of Claims constituting liabilities of ECM shall be deemed the Holders of Claims against the Debtor. Such substantive consolidation shall relate back to, and be effective as of, the Petition Date. Avoidance Actions of ECM shall be waived as of the Effective Date.

     **b.**      *Restructuring Transactions.* As soon as is practicable after entry of the Confirmation Order, Equa-Chlor, LLC shall form Equa-Chlor, Inc. in compliance with the laws of the State of Delaware governing the formation of corporations and shall file articles of incorporation, adopt by-laws, and prepare to distribute the Shares of Equa-Chlor, Inc. in accordance with the Restructuring Transactions, and shall take all other

ORDER CONFIRMING PLAN OF
REORGANIZATION - 5

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

steps necessary to establish Equa-Chlor, Inc. as a Delaware corporation in good standing with Equa-Chlor, Inc. to be the Reorganized Debtor for all purposes under the Plan. On the Effective Date, the following transactions (together with the formation of Equa-Chlor, Inc., the "Restructuring Transactions") shall be effectuated in the following order:

(aa)    The Debtor shall contribute the Debtor's Assets (including the ECM Affiliate Assets, but excluding the Class 7 Fund – other than the $100,000 that will be contributed by the Reorganized Debtor on behalf of Parsons pursuant to Section 6.2(c)(iii) of the Plan and any other cash to be distributed by the Debtor, in contrast to the Reorganized Debtor (the "Distributable Cash Amount")), on the Effective Date in accordance with the Plan to the Reorganized Debtor in exchange for (i) Prudential EC Shares, (ii) Parsons EC Shares, (iii) the Prudential Plan Note, (iv) the Parsons Plan Note, and (v) Parsons Installment Obligation. Upon such contribution of such Assets, such Assets of the Debtor and ECM shall vest in the Reorganized Debtor;

(bb)    The Reorganized Debtor shall (i) issue the Management EC Shares to certain management employees as determined in accordance with Section 6.4 of the Plan, and (ii) issue the Independent Director EC Shares to the independent director of the Reorganized Debtor in accordance with Section 7.2 of the Plan;

(cc)    Simultaneously, the Debtor shall:

(i)    transfer the Prudential EC Shares and Prudential Plan Note to the Holders of the Class 1 Claim in full satisfaction of their Claim; and

(ii)    transfer the Parsons EC Shares, Parsons Plan Note, and Parsons Installment Obligation to the Holders of the Class 2 Claim in full satisfaction of their Claim; and

ORDER CONFIRMING PLAN OF
REORGANIZATION - 6

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

(iii) The Reorganized Debtor shall pay the First Installment of the Parsons Installment Obligation, with $100,000 of such payment to be made to the Debtor on behalf of Parsons and added to the Class 7 Fund as described in Sections 3.2(c) and 3.7(b) of the Plan.

c. *Waiver of Avoidance Actions.* All Avoidance Actions (including the Avoidance Actions of ECM substantially consolidated with the Avoidance Actions of EC pursuant to the EC/ECM Substantive Consolidation) shall be deemed waived, released and forever discharged as of the Effective Date.

d. *Compensation and Retention of Management Employees.* As an inducement to remain as management employees of the Reorganized Debtor, the Reorganized Debtor's board of directors shall distribute in accordance with the Restructuring Transactions, the Management EC Shares to such management employees of the Reorganized Debtor as the board of directors shall determine.

e. *Reorganized Debtor Capital Structure.* The Reorganized Debtor shall be the borrower under the Revolving Credit Agreement, the proceeds of which shall be used to fund the payments of Cash required under the Plan and in the businesses operations of the Reorganized Debtor. In connection with this loan, the Reorganized Debtor shall execute and deliver to Prudential the Revolving Credit Note and such other instruments, agreements and documentation as may be required to document the loan. In addition, the Reorganized Debtor shall execute and deliver the Parsons Plan Note and the Prudential Plan Note to the Debtor, and which shall be then transferred to Parsons and Prudential, respectively, in accordance with Section 6.2 of the Plan. It shall also make the payments of Cash required to be made to Parsons pursuant to the Parsons Settlement Agreement (as

ORDER CONFIRMING PLAN OF
REORGANIZATION - 7

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

modified in the Plan). The Reorganized Debtor shall be deemed to have fully assumed, and shall be fully responsible and liable for, the Plan obligations of the Debtor under the Parsons Settlement Agreement (as modified in the Plan). In furtherance of this debt structure, and to insure the relative priorities of the Claims of Prudential and Parsons against the Reorganized Debtor, the Reorganized Debtor, Prudential and Parsons may enter into such intercreditor, collateral agency or similar agreements as they may deem reasonable and necessary.

       **f.** *Effectuating Documents/Further Transactions.* The Debtor, the Reorganized Debtor and its officers and designees are authorized to execute, deliver, file, or record such contracts, instruments, releases, indentures, and other agreements or documents, and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan or to otherwise comply with applicable law including, but not limited to actions to seek the transfer of the Debtor's interests in permits, licenses and other governmental approvals to the Reorganized Debtor.

       **g.** *Marketing and Sale of Chlor-Alkali Facility.* Following the Effective Date, the Reorganized Debtor shall take all steps necessary to install the HCL Burner and thereby establish the Debtor's Chlor-Alkali Facility as a Completed Chlor-Alkali Facility, suitable to be marketed and sold. The Reorganized Debtor shall thereafter take all steps reasonably necessary to market and sell the Completed Chlor-Alkali Facility at such time and on such terms as the Reorganized Debtor shall in its sole discretion determine, provided that such sale shall occur no later than the third anniversary of the Effective Date, unless waived or extended by the Class 1 Holders.

       **h.** *Exemption from Transfer Taxes and Certain Recording Fees.* Pursuant to section 1146(a) of the Bankruptcy Code, any transfers from Debtor to

ORDER CONFIRMING PLAN OF
REORGANIZATION - 8

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

Reorganized Debtor or to any other Person, including the Senior Prepetition Secured Lenders or their designee, or any other entity pursuant to this Plan, or any agreement regarding the transfer of title to or ownership of any of the Debtor's real or personal property or issuance of equity securities or other interests will not be subject to any stamp tax or similar tax, and the transfer or conveyance of any real property interests pursuant to the terms of the Plan, whether directly or through a change in control of the Debtor, shall not be subject to any real estate transfer or excise tax. With respect to exemption from any real estate transfer or excise tax, the Debtor shall comply with the requirements set forth in Washington Administrative Code section 458-61A-207(2).

        **i.**    *Expedited Tax Determination.* The Debtor and the Reorganized Debtor are authorized to request an expedited determination of taxes under section 505(b) of the Bankruptcy Code for any or all returns filed for, or on behalf of, the Debtor for any and all taxable periods (or portions thereof) ending after the Petition Date through, and including, the Effective Date. The Debtor and the Reorganized Debtor are further authorized to pursue the Cowlitz County Tax Appeal.

        **j.**    *Further Authorization.* The Debtor and Reorganized Debtor shall be entitled to seek such orders, judgments, injunctions and rulings as they deem necessary to carry out the intentions and purposes, and to give full effect to the provisions of the Plan. The Reorganized Debtor shall have standing to bring any action or to appear before the court in this case as the representative of the Estate and the Debtor, including but not limited to, the Claims Objections, the C&C Claim Objection, the Cowlitz County Tax Appeal, and any and all Causes of Action, and the benefits and recoveries from such Claims Objections, Cowlitz County Tax Appeal and the Causes of Action, if any, shall inure to the benefit of the Reorganized Debtor and its creditors.

ORDER CONFIRMING PLAN OF
REORGANIZATION - 9

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

1        6.    Nonvoting Securities. The Plan does not contain any provisions in
2   contravention of section 1123(a)(6).

3        7.    Identification of Management of Reorganized Debtor (11 U.S.C.
4   § 1123(a)(7)). Pursuant to section 1129(a)(5) of the Bankruptcy Code, the Plan Proponent
5   has disclosed the identities of the directors and officers of the Reorganized Debtor and the
6   nature of any compensation to be paid to such persons. The provisions of the Plan for the
7   selection of the officers and directors are consistent with the interests of creditors and with
8   public policy, thereby satisfying section 1123(a)(7) of the Bankruptcy Code. As disclosed in
9   the Declaration of Clayton Pace, the current management team of the Debtor will continue to
10   serve as the management team of the Reorganized Debtor. Accordingly, the management
11   team of the Reorganized Debtor will consist of insiders, as this term is defined in the
12   Bankruptcy Code.

13        8.    Future Income (11 U.S.C. § 1123 (a)(8)). The Debtor is a limited
14   liability company. Accordingly, section 1123(a)(8) of the Bankruptcy Code is not implicated
15   by the Plan.

16        9.    Compliance with Sections 1123(b), (c) and (d) of the Bankruptcy
17   Code. The Plan contains other permissive provisions that are consistent with the applicable
18   provisions of the Bankruptcy Code and, thus, the Plan satisfies the requirements of
19   section 1123(b) of the Bankruptcy Code. Because the Debtor and the Reorganized Debtor
20   are not individuals, the requirements of section 1123(c) are inapplicable. The Plan is
21   compliant with the requirements of section 1123(d).

22        10.    Compliance with Bankruptcy Rule 3016. The Plan is dated and
23   identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a). The filing
24   of the Disclosure Statement with the Clerk of the Court satisfies Bankruptcy Rule 3016(b).
25   Other than conduct otherwise enjoined by the Bankruptcy Code, the Plan describes in
26

ORDER CONFIRMING PLAN OF
REORGANIZATION - 10

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

specific and conspicuous language all acts to be enjoined and identifies the entities that would be subject to any such injunction, thereby satisfying Bankruptcy Rule 3016(c).

11. <u>Compliance with Bankruptcy Rule 3017</u>. The Plan Proponent has given notice of the Confirmation Hearing as required by Bankruptcy Rule 3017(d) or as is otherwise required. The transmittal and service of the Disclosure Statement, Plan and Ballots were (i) in compliance with the Bankruptcy Code and the Bankruptcy Rules and (ii) adequate and sufficient under the Bankruptcy Rules and the circumstances surrounding this Bankruptcy Case.

12. <u>Compliance with Bankruptcy Rule 3018</u>. The solicitation of votes to accept or reject the Plan solely from Holders of Allowed Claims in Classes entitled to vote to accept or reject the Plan satisfies Bankruptcy Rule 3018. Votes to accept and reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code and the Bankruptcy Rules.

13. <u>Compliance with Bankruptcy Rule 9019</u>. The settlements and compromises embodied in the Plan satisfy the requirements of Bankruptcy Rule 9019.

I. <u>Plan Proponent Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. The Plan Proponent has complied with the applicable provisions of the Bankruptcy Code, including, without limitation, sections 1125 and 1126 of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code. Specifically:

1. the Debtor is a proper debtor under section 109 of the Bankruptcy Code and the Plan Proponent is a proper proponent of the Plan under section 1121(a) of the Bankruptcy Code;

2. the Debtor, as Plan Proponent, has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court; and

ORDER CONFIRMING PLAN OF
REORGANIZATION - 11

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

1    3.    the Debtor, as Plan Proponent, has complied with the applicable

2  provisions of the Bankruptcy Code, including sections 1125 and 1126(b) and the Bankruptcy

3  Rules in transmitting the Disclosure Statement, Plan and Ballots and in soliciting and

4  tabulating votes on the Plan.

5    J.    Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). The Plan Proponent

6  has proposed the Plan in good faith and not by any means forbidden by law. Consistent with

7  the overriding purpose of chapter 11 of the Bankruptcy Code, the Plan is designed to allow

8  the Debtor to reorganize by a merging of all of the assets and liabilities of Equa-Chlor

9  Marketing, LLC ("ECM") into EC. The intercompany claims between EC and ECM will be

10 eliminated. On the Effective Date, as defined in Section 1.61 of the Plan, substantially all of

11 the Assets of EC and ECM (including the Chlor-Alkali Plant and the assumed contracts

12 and/or leases, permits, licenses, Causes of Action) as well as certain of their liabilities (i.e.

13 the "Assumed Liabilities") will be contributed free and clear of liens, encumbrances and

14 other interests to the Reorganized Debtor – a newly formed Delaware corporation, Equa-

15 Chlor, Inc. – in consideration of the shares of the Reorganized Debtor (to be distributed in

16 accordance with the Plan), the Assumed Liabilities, and certain other consideration.

17    The Plan has been proposed by the Debtor in good faith, with the honest intent to

18 implement an orderly reorganization strategy that will enable payment to creditors of the

19 Debtor's bankruptcy estate (the "Estate"), provide for the funding of Plan payments and will

20 support the future operations of the Reorganized Debtor. The Plan establishes the Debtor's

21 Chlor-Alkali Facility as a Completed Chlor-Alkali Facility, suitable to be marketed and sold,

22 and enables the Reorganized Debtor to operate as a profitable enterprise.

23    The Plan preserves the continued operations of Debtor's Chlor-Alkali Facility,

24 numerous jobs, ongoing customer relationships, and enables the Reorganized Debtor to

25 remain a member of the local business communities throughout the State of Washington and

26 a contributing taxpayer. Further, the Plan is a product of arms-length negotiations among the

ORDER CONFIRMING PLAN OF
REORGANIZATION - 12

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

1   Debtor and the Committee, as well as the Debtor's primary secured lender, the Prudential
2   Insurance Company of America ("Prudential"). The Plan reflects these negotiations, and is
3   reflective of the interests of all of the Estate's constituencies. The totality of the
4   circumstances surrounding the filing of the Plan show that the Plan will achieve a result
5   consistent with the objectives and purposes of the Bankruptcy Code. Furthermore, the
6   confirmation of the Plan is not likely to be followed by the liquidation or further financial
7   reorganization except as otherwise provided in the Plan.

8          Accordingly, the Plan Proponent has satisfied section 1129(a)(3) of the Bankruptcy
9   Code.

10         K.      Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any
11  payments made or to be made by the Debtor or by a person issuing securities or acquiring
12  property under the Plan, for services or for costs and expenses through the Effective Date in
13  or in connection with the Bankruptcy Case, or in connection with the Plan and incident to the
14  Bankruptcy Case, have, to the extent required by the Bankruptcy Code, the Bankruptcy
15  Rules, or the various orders of this Court, been approved by, or are subject to the approval of
16  this Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

17         L.      Disclosure of Identity of Officers and Directors (11 U.S.C. § 1129(a)(5)). The
18  Plan Proponent has disclosed the identity and affiliations of the officers and directors
19  prepared to serve, after entry of this Confirmation Order, as the management team of the
20  Reorganized Debtor. In addition, the Plan Proponent disclosed that the management team
21  will consist of insiders, as defined in the Bankruptcy Code, and revealed the nature of
22  compensation of the management team of the Reorganized Debtor. Continued management
23  by this management is consistent with the interests of all creditors and other parties in
24  interest. Accordingly, the Plan satisfies section 1129(a)(5) of the Bankruptcy Code.

25
26

ORDER CONFIRMING PLAN OF
REORGANIZATION - 13

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

1    M.    No Rate Changes (11 U.S.C. § 1129(a)(6)). The Plan does not provide for any
2    change in rates subject to governmental regulation.    Thus, section 1129(a)(6) of the
3    Bankruptcy Code is not applicable in this Bankruptcy Case.

4    N.    Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7)). The Plan satisfies
5    section 1129(a)(7) of the Bankruptcy Code. With respect to each Class of Impaired Claims
6    and Interests in the Debtor, each Holder of a Claim or Interest of such Class either (i) has
7    accepted the Plan or (ii) will receive or retain under the Plan, on account of such Claim or
8    Interest, property of a value, as of the Effective Date of the Plan, that is not less than the
9    amount that it would have received if the Debtor were liquidated under chapter 7 of the
10   Bankruptcy Code.    The liquidation analysis attached as Exhibit E to the Disclosure
11   Statement, including the methodology used and estimation and assumptions made therein,
12   and the evidence related thereto that was presented, proffered or adduced at the Confirmation
13   Hearing (i) are persuasive and credible as of the dates such evidence was prepared, presented
14   or proffered, (ii) have not been successfully challenged or controverted by other evidence,
15   (iii) are based upon reasonable and sound assumptions, and (iv) provide a reasonable
16   estimate of the liquidation value of the Debtor's estate upon conversion to chapter 7
17   proceedings.

18   O.    Acceptance or Rejection by Certain Classes (11 U.S.C. § 1129(a)(8)). As set
19   forth in the Ballot Summary, the percentages of Holders of Claims in Classes entitled to vote
20   on the Plan that voted to accept or reject the Plan are as follows:

21       One hundred percent of creditors in Classes 1 and 2 voted to accept the Plan. In Class
22   7, the acceptance rate was over ninety-three percent in number of creditors and ninety-nine
23   percent in dollar amount. Class 5, consisting of the Berman claim, has rejected the Plan but
24   based on the amendments provided for in this Order the objection is rendered moot by the
25   sale of the collateral securing the Class 5 claim. Holders of interests in Classes 3, 4, 8 and 9

ORDER CONFIRMING PLAN OF
REORGANIZATION - 14

**LANE POWELL** pc
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

are not entitled to vote on the Plan. With respect to each voting Class, the Plan satisfies the requirements of Section 1129(a)(8) of the Bankruptcy Code.

P. Treatment of Administrative Expense Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9)). The Plan satisfied the requirements of section 1129(a)(9) because pursuant to section 1123(a)(1) of the Bankruptcy Code, Administrative Expense Claims and Priority Tax Claims against the Debtor are not classified for purposes of voting on, or receiving Distributions under, this Plan. Claims of the DIP Lenders under the DIP Loan are also not classified for purposes of voting on, or receiving Distributions under, this Plan. Holders of such Claims are not entitled to vote on this Plan. All such Claims are instead treated separately in accordance with Article IV of the Plan and in accordance with the requirements set forth in section 1129(a)(9)(A) of the Bankruptcy Code.

Q. Acceptance of at Least One Impaired Class (11 U.S.C. § 1129(a)(10)). As set forth in the Ballot Summary, the Plan has been accepted by Classes 1, 2 and 7, and, therefore, has been accepted by at least one Class of Claims that is Impaired under the Plan (which acceptance has been determined without including any acceptance of the Plan by any Insider). Therefore, the Plan satisfies section 1129(a)(10) of the Bankruptcy Code.

R. Feasibility (11 U.S.C. § 1129(a)(11)). The Plan satisfies section 1129(a)(11) of the Bankruptcy Code. The evidence presented, proffered, or adduced at the Confirmation Hearing, including, without limitation, projections attached as Exhibit B to the Disclosure Statement (i) was persuasive and credible; (ii) has not been controverted by other evidence or challenged by the Objection to the Plan; and (iii) establishes that the Plan is feasible and the confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor and its Estate. The Plan satisfies section 1129(a)(11) of the Bankruptcy Code.

S. Payment of Certain Fees (11 U.S.C. § 1129(a)(12)). Section 1129(a)(12) of the Bankruptcy Code requires the payment of all fees payable under 28 U.S.C. § 1930.

ORDER CONFIRMING PLAN OF
REORGANIZATION - 15

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

Section 10.8(b) of the Plan provides that the Debtor and/or Reorganized Debtor shall file all reports and pay all fees required by the Bankruptcy Code, Bankruptcy Rules, U.S. Trustee guidelines, and the rules and orders of the Court. Accordingly, the Plan satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code.

T. <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>. Section 1129(a)(13) of the Bankruptcy Code is satisfied. No retiree benefits exist that are required to be maintained.

U. <u>Domestic Support Obligation (11 U.S.C. § 1129(a)(14))</u>. The Debtor is not required to pay any "domestic support obligation," therefore Section 1129(a)(14) does not apply.

V. <u>Debtor is Not an Individual (11 U.S.C. § 1129(a)(15))</u>. The Debtor is not an individual, therefore Section 1129(a)(15) does not apply.

W. <u>Debtor is a For-Profit Commercial Corporation (11 U.S.C. § 1129(a)(16))</u>. The Debtor is a for-profit commercial corporation, therefore Section 1129(a)(16) does not apply.

X. <u>Satisfaction of Confirmation Requirements</u>. For all the above reasons, the Plan satisfies all the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

Y. <u>No Other Plan (Section 1129(c))</u>. Other than the Plan, no reorganization plan has been filed with respect to the Debtor's chapter 11 Case. Therefore, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

Z. <u>Principal Purpose (11 U.S.C. § 1129(d))</u>. The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of section 5 of the Securities Act, and no governmental unit has objected to the confirmation of the Plan on any such grounds. The Plan, therefore, satisfies the requirements of section 1129(d) of the Bankruptcy Code.

ORDER CONFIRMING PLAN OF
REORGANIZATION - 16

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

1        **AA.**  <u>Releases, Injunctions and Exculpations</u>.  The releases, injunctions and
2  exculpations set forth in the Plan, and implemented by this Confirmation Order, (a) are
3  within the jurisdiction of this Court under 28 U.S.C. § 1334; (b) are each an essential means
4  of implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code; (c) are
5  integral elements of the settlements and compromises incorporated in the Plan and are
6  necessary to the proposed reorganization of the Debtor and the successful administration of
7  its Estate; (d) confer material benefits on, and thus are in the best interests of, the Debtor, the
8  Debtor's Estate, the Debtor's creditors, and other parties in interest; and (e) are, under the
9  facts and circumstances of the Bankruptcy Case, consistent with and permitted pursuant to
10  sections 105, 524, 1123, 1129 and all other applicable provisions of the Bankruptcy Code.
11  Further, reasonable, adequate, and sufficient notice of and opportunity to be heard with
12  respect to such releases, injunctions and exculpations has been provided under the
13  circumstances and such notice and opportunity has complied with all provisions of the
14  Bankruptcy Code, Bankruptcy Rules, and all other applicable rules and law, including
15  without limitation, Bankruptcy Rules 2002(c)(3), 3016(c), 3017(f), and 3020.

16        **BB.**  <u>Exemption from Transfer Taxes</u>.  All transfers and issuances by the Debtor
17  are transfers under the Plan that are not subject to the imposition of taxes of the kind
18  specified in section 1146(a) of the Bankruptcy Code.

19        **CC.**  <u>Modifications to the Plan</u>.  The modifications, including those set forth in this
20  Order, to the Plan (the "Modifications") do not materially or adversely affect or change the
21  treatment of any Claims against or Interests in the Debtor.  Accordingly, pursuant to
22  Rule 3019 of the Bankruptcy Rules, these Modifications and amendments, if any, do not
23  require additional disclosure or solicitation under section 1126 of the Bankruptcy Code. The
24  Plan, as modified by the Modifications, shall be the Plan confirmed hereby.

25        **DD.**  <u>Good Faith Solicitation</u>.  Based upon the record before the Court, the Plan
26  Proponent and its counsel have formulated and filed the Plan, obtained approval of the

ORDER CONFIRMING PLAN OF
REORGANIZATION - 17

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

1 Disclosure Statement, and solicited votes on the Plan all in good faith and in compliance with
2 the applicable provisions of the Bankruptcy Code and are entitled to the protections afforded
3 by section 1125(e) of the Bankruptcy Code and the exculpatory, injunctive, and release
4 provisions set forth in the Plan.

5 EE. Assumed Executory Contracts and Unexpired Leases. The Plan satisfies all
6 requirements for the assumption of Executory Contracts and Unexpired Leases contained in
7 the Bankruptcy Code, including, without limitation, the requirement to cure all outstanding
8 defaults, if any, and to provide adequate assurance of such contracts and leases.

9 FF. Retention of Jurisdiction. Pursuant to sections 105(a) and 1142 of the
10 Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the
11 occurrence of the Effective Date, this Court, except as otherwise provided in the Plan or
12 herein, shall retain exclusive jurisdiction over all matters arising out of, and related to, the
13 Bankruptcy Case and the Plan to the fullest extent permitted by law and shall also have
14 jurisdiction over the matters set forth in Article XII of the Plan.

15 **NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

16 1. Confirmation. For the reasons set forth herein, the Plan shall be, and hereby
17 is, confirmed, having met the requirements of section 1129 of the Bankruptcy Code. Any
18 and all objections, to the Plan not previously withdrawn are hereby overruled in their
19 entirety. The terms of the Plan are incorporated herein and are an integral part of this
20 Confirmation Order. Any reference to the Plan contained herein shall be deemed to include
21 the Plan Supplement and the Modifications, if any.

22 2. Provisions of Plan and Confirmation Order Nonseverable and Mutually
23 Dependent. The provisions of the Plan as confirmed by this Confirmation Order, including
24 the findings of fact and conclusions of law set forth herein, are nonseverable and mutually
25 dependent.

26

ORDER CONFIRMING PLAN OF
REORGANIZATION - 18

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

1      3.     Plan Classification Controlling. The classification of Claims and Interests for

2  purposes of Distributions provided for under the Plan shall be governed solely by the terms

3  of the Plan. The classifications and amounts of Claims, if any, set forth in the Ballots

4  tendered or returned by the Debtor's creditors in connection with voting on the Plan (a) were

5  set forth on the Ballots solely for purposes of voting to accept or reject the Plan, (b) do not

6  necessarily represent, and in no event shall be deemed to modify or otherwise affect, the

7  actual classification of such Claims under the Plan for Distribution purposes, and (c) shall not

8  be binding on the Debtor, its Estate, or the Reorganized Debtor, except with respect to voting

9  on the Plan.

10     4.     Documentation. The Debtor and the Reorganized Debtor are authorized to

11  execute all documents contemplated by the Plan and to take all steps deemed necessary by

12  the Debtor or the Reorganized Debtor to consummate the transactions contemplated thereby.

13     5.     Binding Effect. Pursuant to section 1141 of the Bankruptcy Code, this

14  Confirmation Order and the Plan, including all agreements, instruments and other documents

15  filed in connection with the Plan and executed by the Plan Proponent in connection with the

16  Plan, shall be legally binding upon, and inure to the benefit of, the Debtor and its Estate, the

17  Reorganized Debtor, the Committee, the Holders of Claims, the Holders of Interests, the

18  Senior Prepetition Secured Lenders, and all other parties in interest in the Bankruptcy Case,

19  and their respective successors and assigns, whether or not such Holders are Impaired and

20  whether or not such Holders have accepted the Plan. All agreements, instruments and other

21  documents filed in connection with the Plan (as they may be amended or modified pursuant

22  to the terms of the Plan) shall have full force and effect and shall bind all parties thereto.

23     6.     Substantive Consolidation and Transfer of Assets Approved. On the Effective

24  Date, the EC/ECM Substantive Consolidation shall be deemed to have occurred such that all

25  Assets of ECM shall be deemed fully consolidated with the Assets of the Debtor, and all the

26  liabilities of ECM shall be deemed fully consolidated with the liabilities of the Debtor.

ORDER CONFIRMING PLAN OF
REORGANIZATION - 19

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

ECM's Assets shall be deemed owned by the Debtor, and the Holders of Claims constituting liabilities of ECM shall be deemed the Holders of Claims against the Debtor. Such Substantive Consolidation shall relate back to, and be effective as of, the Petition Date. Avoidance Actions of ECM shall be waived as of the Effective Date.

7.    Authorization to Take Acts Necessary to Implement Plan.    Pursuant to section 1142(b) and any comparable provision of the business corporation laws of any other state or province, the Debtor is authorized and empowered to take such actions and to perform such acts as may be necessary, desirable, or appropriate to comply with or implement the Plan and any matters under the Plan, and all documents, instruments, and agreements related thereto, and the obligations thereunder shall constitute legal, valid, binding, and authorized obligations of each of the respective parties thereto, enforceable in accordance with their terms without the need for any member's approval. The Debtor is authorized and empowered to take such actions, to perform all acts, to make, execute, file, and deliver all instruments and documents, and to pay all fees and expenses as set forth in the documents relating to the Plan, and that may be required or necessary for its performance there under without the need for any member's approval. On the Effective Date, any of the Reorganized Debtor, officers and directors, either individually or jointly with any of the others, are authorized on behalf of the Debtor to execute and deliver such instruments, agreements, certifications, unit certificates and other documents as may be called for by the Transaction Documents. The Reorganized Debtor is authorized to take any such actions without further corporate action or action of the members of the Debtor.

8.    Injunctions and the Automatic Stay Remain in Effect Until the Effective Date. Except as to relief from the automatic stay previously granted by this Court's orders, all injunctions or stays, whether by operation of law or by order of the Court, provided for in the Bankruptcy Case pursuant to sections 105 or 362 of the Bankruptcy Code or otherwise are replaced by the discharge injunction granted by Section 1141 of the Bankruptcy Code.

ORDER CONFIRMING PLAN OF
REORGANIZATION - 20

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

1     Nothing herein shall bar the taking of such other actions as are necessary to effectuate the

2     transactions specifically contemplated by the Plan or this Confirmation Order.

3         9.     <u>Provisions Regarding Distributions</u>. The provisions contained in Article VIII

4     of the Plan, including without limitation, the provisions governing Distributions, are found to

5     be reasonable and are hereby approved. Distributions shall take place as follows:

6         a.     *Distributions Generally.* The Reorganized Debtor shall make

7     Distributions pursuant to this Plan.

8         b.     *Distributions of Cash.* Any Distribution of cash made pursuant to this

9
    Plan shall be made by check drawn on a domestic bank or by wire transfer from a
10

11     domestic bank.

12         c.     *No Interest, Attorneys' Fees and Costs Recoverable On Claims Or*

13     *Interests.* Unless otherwise specifically provided for in the Plan, the Confirmation

14     Order, or an order of the Court, postpetition interest shall not accrue or be paid on

15     Claims, and no Holder shall be entitled to attorneys' fees and costs or interest

16
17     accruing on or after the Petition Date on any Claim except for Allowed Secured

18     Claims as authorized pursuant to Section 506(b) of the Bankruptcy Code.

19     Additionally, and without limiting the foregoing, interest shall not accrue or be paid

20     on any Disputed Claim in respect of the period from the Effective Date to the date a

21     Distribution is made when and if such Disputed Claim becomes an Allowed Claim.

22         d.     *Delivery of Distributions.* Distributions to a Holder of an Allowed

23     Claim shall be made (a) at the address set forth on the proof of claim filed by such

24     Holder, (b) at the address set forth in any written notices of address change delivered

25     to the Debtor or Reorganized Debtor after the date of any related proof of claim, (c) at
26

ORDER CONFIRMING PLAN OF
REORGANIZATION - 21

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

1   the addresses reflected in the Schedules if no proof of claim has been filed and the

2   Debtor and/or the Reorganized Debtor has not received a written notice of a change

3   of address, or (d) if the Holder's address is not listed in the Schedules, at the last

4   known address of such Holder according to the Debtor's books and records. If any

5   Holder's Distribution is returned as undeliverable, no further Distributions to such

6

7   Holder shall be made unless and until the Debtor and/or the Reorganized Debtor is

8   notified of such Holder's then-current address, at which time all missed Distributions

9   shall be made to such Holder without interest. All Distributions returned to and not

10  claimed within six (6) months of return shall be irrevocably retained by the Debtor

11  and the Reorganized Debtor notwithstanding any federal or state escheat laws to the

12  contrary. Upon such reversion, the claim of any Holder or their successors with

13

14  respect to such property shall be discharged and forever barred notwithstanding any

15  federal or state escheat laws to the contrary.

16          e.      *Distributions To Holders As Of The Record Date.* All Distributions on

17  Allowed Claims shall be made to the Record Holders of such Claims. As of the close

18  of business on the Record Date, the Claims register maintained by the Bankruptcy

19  Court shall be closed, and there shall be no further changes in the Record Holder of

20  any Claim. The Record Date shall be established in the Disclosure Statement

21

22  Approval Order or other order entered by the Bankruptcy Court. No transfer of any

23  Claim occurring after the Record Date shall be effective. Instead, the Record Holders

24  as of the Record Date shall be recognized and treated as the legal owner of any

25  Claim.

26

ORDER CONFIRMING PLAN OF
REORGANIZATION - 22

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

f.    *De Minimus Distributions.*  There shall be no obligation to make a Distribution if the amount to be distributed to the specific Holder of the Allowed Claim is or has a value less than fifty dollars ($50.00).

g.    *Fractional Dollars.*  Whenever any payment of a fraction of a dollar under this Plan would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole dollar (up or down), with half dollars or less being rounded down.

10.    <u>Exemption from Certain Transfer Taxes and Recording Fees</u>.  Pursuant to section 1146(a) of the Bankruptcy Code, the transfers provided under the Plan shall not be subject to any stamp, real estate transfer, mortgage recording, sales, or other similar tax, irrespective of whether the underlying property is owned by the Debtor, Reorganized Debtor, or a third party.  All transactions specifically provided for by the Plan, or consummated by the Debtor on or after the Effective Date and approved by the Court, including, without limitation: (i) the sale by the Debtor and Reorganized Debtor of property or assets pursuant to section 363(b) of the Bankruptcy Code; (ii) the assumptions, assignments, and sales by the Debtor of unexpired leases of non-residential real property pursuant to section 365(a) of the Bankruptcy Code; (iii) the issuance of membership interests in the Reorganized Debtor; and (iv) settlements pursuant to Bankruptcy Rule 9019(a), shall be deemed to have been made under, in furtherance of, or in connection with the Plan and, therefore, shall not be subject to any stamp, real estate transfer, mortgage recording, sales, or other similar tax.

The appropriate state and local governmental entities, officials, and agents responsible for the collection of any such taxes or governmental assessments are hereby ordered to forego the collection of the said taxes and assessments, and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any

ORDER CONFIRMING PLAN OF
REORGANIZATION - 23

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

1 such tax or governmental assessment. This Court retains jurisdiction to enforce the foregoing
2 authorization.

3    11.    Expedited Tax Determination. The Debtor and the Reorganized Debtor are
4 authorized to request an expedited determination of taxes under section 505(b) of the
5 Bankruptcy Code for any or all returns filed for, or on behalf of, the Debtor for any and all
6 taxable periods (or portions thereof) ending after the Petition Date through and including the
7 Effective Date. The Debtor and the Reorganized Debtor are further authorized to pursue the
8 Cowlitz County Tax Appeal.

9    12.    Cancellation of Existing Membership Interests. Except as set forth in the
10 Plan, upon the Effective Date, the existing Membership Interests shall be cancelled and the
11 holders thereof shall have no further rights or entitlements in respect thereof against the
12 Debtor. As set forth in section 13.4 of the Plan, the Debtor's members are subject to the
13 jurisdiction of this Court pursuant to 26 U.S.C. § 108(d)(2) and are entitled to the 26 U.S.C.
14 § 108(a)(l) and (d)(6) exclusion from gross income of any and all discharge of indebtedness
15 income that may arise from the Plan.

16    13.    Payment of Professional Fees. Upon the Effective Date, any requirement that
17 professionals comply with sections 327 through 331 of the Bankruptcy Code in seeking
18 retention or compensation for services rendered after such date will terminate, and the Debtor
19 and Reorganized Debtor will employ and pay professionals in the ordinary course of
20 business.

21    14.    Continued Existence: Revesting of Estate Assets. Except as otherwise
22 provided in the Plan, the Estate will continue to exist after the Effective Date separate from
23 the Reorganized Debtor. As set forth in Section 10.1 of the Plan, the Assets shall vest in the
24 Reorganized Debtor, free and clear of all Claims, Liens, charges, encumbrances, rights and
25 Interests of creditors and interest holders, except such Claims, Liens, charges, rights and
26

ORDER CONFIRMING PLAN OF
REORGANIZATION - 24

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

1 Interests which the Debtor is required to grant or continue pursuant to the provisions of the
2 Plan. All other assets shall remain in the Estate.

3     15.    Procedures for Resolving Disputed Claims and Unresolved Claims. The
4 provisions contained in Article IX of the Plan, including without limitation, the provisions
5 governing the procedures for resolving Disputed Claims, are found to be reasonable and are
6 hereby approved.

7     16.    Treatment of Executory Contracts and Unexpired Leases. The provisions
8 governing the assumption and rejection of Executory Contracts or Unexpired Leases set forth
9 in Section 5.1 of the Plan are hereby approved in their entirety. For each Executory Contract
10 or Unexpired Lease assumed by the Debtor, the Debtor will pay the Cure Amount as set forth
11 on Schedule 5.1 by the Effective Date, or if the Cure Amount has not been determined on the
12 Effective Date, within thirty (30) days after the Cure Amount has been determined by a Final
13 Order of the Bankruptcy Court. Entry of this Order constitutes approval, as of the Effective
14 Date, of the assumption of the Assumed Contracts and/or Leases and the rejection of the
15 Rejected Contracts and/or Leases pursuant to sections 365(a) and 1123 of the Bankruptcy
16 Code.

17     17.    Bar Date for Rejection Damages Claims. All proofs of claim with respect to
18 Claims arising from the rejection pursuant to the Plan of the Rejected Contracts and/or
19 Leases, if any, any and all of which are subject to the provisions of Bankruptcy Code
20 § 502(b)(6), must be filed with the clerk of the Bankruptcy Court and served upon counsel
21 for the Reorganized Debtor within thirty (30) days after the date of entry of the Confirmation
22 Order. Notwithstanding the foregoing, if the Bankruptcy Court determines that the Cure
23 Amount with respect to an Assumed Contract is greater than the amount listed by the Debtor
24 on Schedule 5.1, the Debtor may elect to reject the Assumed Contract at issue, in which
25 event, the non-Debtor party to such contract shall be required to file a proof of claim for any
26 damages resulting from such rejection within thirty (30) days after the order authorizing such

ORDER CONFIRMING PLAN OF
REORGANIZATION - 25

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

rejection. Any Claims arising from the rejection of Executory Contracts or Unexpired Leases that become Allowed Claims are classified and shall be treated as a Class 7, 8 and/or 9 Claims, as applicable. Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not filed within the time required by this paragraph 15 will be forever barred from assertion against the Debtor.

18. <u>Mutual Releases</u>. On the Effective Date, and to the greatest extent permissible by law, (i) the Debtor, on behalf of itself and its Estate, (ii) ECM, (iii) the Reorganized Debtor, (iv) the DIP Lenders, (v) the DIP Agent, (vi) the Prepetition Agent, (vii) the Senior Prepetition Secured Lenders, (viii) Parsons, and (ix) all of the Debtor's and ECM's respective officers, directors, employees, legal and financial advisors, and other representatives of the Debtor who served in such capacity on or subsequent to the Petition Date, in their capacity as such; (collectively clauses (i) through (ix) being the "Released Parties," and each a "Released Party"), shall be deemed to and hereby unconditionally and irrevocably release each other from any and all claims or Causes of Action, known or unknown, arising from or relating to, in any manner, in whole or in part, the operation of the business of the Debtor, the subject matter of, or the transaction or event giving rise to the claim or Cause of Action, the business or contractual arrangements between the Debtor and the holder of such claim or interest, or any act, omission, occurrence, or event in any manner related to such subject matter, transaction or obligation, or arising out of this chapter 11 case, including, but not limited to, the pursuit of confirmation of this Plan, the consummation thereof, the administration thereof, or the property to be distributed thereunder; <u>provided</u>, that the foregoing shall not operate as a waiver of or release from any claim, or any Causes of Action arising out of the willful misconduct, gross negligence, or fraud of such Released Party.

19. <u>Release and Discharge of the Debtor and Reorganized Debtor</u>. Pursuant to section 1141(d) of the Bankruptcy Code, except as otherwise specifically provided in this

ORDER CONFIRMING PLAN OF
REORGANIZATION - 26

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

1  Plan or in the Confirmation Order, the Distributions and rights that are provided in this Plan
2  shall be in complete satisfaction, discharge, and release of all Claims and Causes of Action,
3  whether known or unknown, against, liabilities of, Liens on, obligations of, rights against,
4  and Interests in the Debtor, the Reorganized Debtor or the Estate that arose prior to the
5  Effective Date.

6      20.    Setoffs. The Debtor and Reorganized Debtor may, but shall not be required
7  to, set off against any Claim, and the payments or other Distributions to be made pursuant to
8  the Plan in respect of such Claim, claims of any nature whatsoever that the Debtor may have
9  against such Holder; but neither the failure to do so nor the allowance of any Claim
10  hereunder shall constitute a waiver or release by the Debtor or Reorganized Debtor of any
11  such claim that the Debtor and the Reorganized Debtor may have against such Holder.

12      21.    Injunction. Except as otherwise expressly provided in the Plan or in the
13  Confirmation Order, all Persons or entities, who have held, hold, or may hold Claims against
14  or Interests in the Debtor are permanently enjoined, from and after the Effective Date, from:
15  (i) commencing or continuing in any manner any action or other proceeding of any kind on
16  any such Claim or Interest against the Debtor and/or the Reorganized Debtor on account of
17  such Claims or Interests; (ii) the enforcement, attachment, collection, or recovery by any
18  manner or means of any judgment, award, decree, or order against the Debtor and/or the
19  Reorganized Debtor with respect to such Claim or Interest; (iii) creating, perfecting, or
20  enforcing any encumbrance of any kind against the Debtor and/or the Reorganized Debtor or
21  against the property or interests in property of the Debtor and/or the Reorganized Debtor with
22  respect to such Claim or Interest; (iv) asserting any right of setoff, subrogation, or
23  recoupment of any kind against any obligation owed to the Debtor and/or the Reorganized
24  Debtor or against the property or interest in property of the Debtor and/or the Reorganized
25  Debtor with respect to such Claim or Interest, except as provided for herein; and (v) pursuing
26  any claim released pursuant to Section 10 of the Plan.

ORDER CONFIRMING PLAN OF
REORGANIZATION - 27

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

22. Post-Effective-Date Dissolution of the Committee. After the Effective Date, the Creditors' Committee shall remain in existence for the limited purpose of reviewing and monitoring the Initial Distribution. Thereafter, the Creditors' Committee shall dissolve automatically, whereupon its members, professionals, and agents shall be released from any further duties and responsibilities in the Bankruptcy Case and under the Bankruptcy Code, except for the limited purposes of filing applications for Professional Compensation in accordance with this Plan.

23. Administrative Bar Date (Non-Professional Fees/Non-Ordinary Course Goods and Services). Except as otherwise provided in the Plan, any Person holding an Administrative Expense Claim, other than an Administrative Expense Claim (i) previously asserted in connection with the 503(b)(9) Procedures Order; (ii) arising from the operation by the Debtor of its business in the ordinary course of business; or (iii) held by the DIP Lenders for the balance owed on the DIP Facility; or (iv) Senior Prepetition Secured Lenders' Administrative Claim, shall file a proof of such Administrative Expense Claim with the clerk of the Bankruptcy Court within thirty (30) days after notice of the occurrence of the Effective Date is provided. At the same time, if any Person files an Administrative Expense Claim, such Person shall also serve a copy of the Administrative Expense Claim upon counsel for the Reorganized Debtor and counsel for the Creditors' Committee (if prior to the Effective Date). Any Person who fails to timely file and serve a proof of such Administrative Expense Claim shall be forever barred from seeking payment of such Administrative Expense Claim by the Debtor, the Estate, or the Reorganized Debtor.

24. Administrative Bar Date (Professional Fees and Expenses). Other than the payment of fees and expenses provided for under the Final DIP Order, any Person seeking an award by the Bankruptcy Court of Professional Compensation shall file a final application with the Bankruptcy Court for allowance of Professional Compensation for services rendered

ORDER CONFIRMING PLAN OF
REORGANIZATION - 28

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

1 and reimbursement of expenses incurred through the Effective Date within forty-five (45)
2 days after the Effective Date.

3     25.   Additional Modifications. Without the need of further order or authorization
4 of this Court, but subject to the express provisions of this Confirmation Order, the Debtor
5 may, with the consent of the Senior Prepetition Secured Lenders, modify this Plan pursuant
6 to section 1127 of the Bankruptcy Code and as provided in the Plan, to the extent applicable
7 law permits. Subject to the limitations contained herein, the Reorganized Debtor after
8 confirmation, with the consent of the Senior Prepetition Secured Lenders (to the extent the
9 proposed modification affects their interests) may modify this Plan in accordance with this
10 paragraph, without notice or hearing, or after such notice and hearing as the Bankruptcy
11 Court deems appropriate, if the Bankruptcy Court finds that the modification does not
12 materially and adversely affect the rights of any parties in interest which have not had notice
13 and an opportunity to be heard with regard thereto. To the extent there have been any
14 modifications on or before confirmation, any votes to accept or reject this Plan shall be
15 deemed to be votes to accept or reject the Plan as modified, unless the Bankruptcy Court
16 finds that the modification materially and adversely affects the rights of parties in interest
17 which have cast said votes.

18     26.   Effect of Reference to the Plan in this Confirmation Order. The failure to
19 reference or discuss any particular provision of the Plan or any agreement, document, or
20 instrument to be executed and delivered in connection with consummation of the Plan, in this
21 Confirmation Order shall have no effect on the validity, binding effect, and enforceability of
22 such provision, agreement, document, or instrument, and each provision of the Plan and each
23 agreement, document, and instrument shall have the same validity, binding effect, and
24 enforceability as if fully set forth in this Confirmation Order.

25     27.   Notice of Entry of Confirmation Order. The Plan Proponent shall serve notice
26 of entry of this Confirmation Order upon all parties that received notice of the Confirmation

ORDER CONFIRMING PLAN OF
REORGANIZATION - 29

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

Hearing. Service of the Confirmation Notice as provided herein shall constitute good and sufficient notice pursuant to Bankruptcy Rule 2002(f)(7), 2002(k), and 3020(c) of entry of this Confirmation Order and, except as provided herein, no other or further notice need be given.

28. Confirmation Order Controlling. If there is any direct conflict between the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

29. Applicable Non-Bankruptcy Law. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Plan, and the Plan Documents or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

30. Substantial Consummation. Substantial consummation of the Plan shall be deemed to occur on the Effective Date.

31. Headings. Headings utilized herein are for convenience and reference only, and shall not constitute a part of the Plan or this Confirmation Order for any other purpose.

32. Inconsistencies. In the event of any inconsistencies between the Plan and the Disclosure Statement, any exhibit to the Plan or Disclosure Statement, or any other instrument or document created or executed pursuant to the Plan, the Plan shall govern.

33. Final Order/Bankruptcy Rule 3020(e) Stay. This Confirmation Order is a Final Order, there shall be no stay of this Order under Bankruptcy Rule 3020(e) or any other provision of the Bankruptcy Code or Bankruptcy Rules, and the period in which an appeal must be filed shall commence immediately upon the entry hereof in accordance with Federal Rule of Bankruptcy Procedure 3020(e).

34. Findings of Fact and Conclusions of Law. The findings of this Court set forth above and the conclusions of law stated herein shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by

ORDER CONFIRMING PLAN OF
REORGANIZATION - 30

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4

Bankruptcy Rule 9014. To the extent any provision designated herein as a finding of fact is more properly characterized to be a conclusion of law, it shall be so deemed, and vice versa.

35. <u>Reversal</u>. If any of the provisions of this Order are hereafter reversed, modified or vacated by a subsequent order of the Bankruptcy Court or any other court, such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under, or in connection with, the Plan prior to receipt of written notice of such order by the Debtor. Notwithstanding any such reversal, modification or vacatur of this Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Order, the Plan, all documents relating to the Plan, and any amendments or modifications to any of the foregoing.

A copy of the confirmed Plan is attached.

DATED this 20 day of February 2009.

_____
HONORABLE PAUL B. SNYDER

Presented by:

LANE POWELL PC

By: /s/ Bruce W. Leaverton
    Bruce W. Leaverton, WSBA No. 15329
    Attorneys for Equa-Chlor, LLC

ORDER CONFIRMING PLAN OF
REORGANIZATION - 31

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

123326.0013/1675848.4